IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD D. BAKER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:11-cv-75-MEF |
| | ) | |
| QUANTEGY UNLIMITED INVESTMENT | ) | |
| TERMINUS, LLC a/k/a DECORUS HOMES, | ) | (WO- DO NOT PUBLISH) |
| et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

After being injured in a workplace accident, Plaintiff Ronald D. Baker ("Baker") brought suit against his former employer in the Circuit Court for Lee County, Alabama. In his suit, Baker complained not only of his injuries from the accident, but also of alleged violations of the Fair Labor Standards Act ("FLSA") arising out of the calculation of his overtime compensation during the time he was employed. The issue presently before this Court is whether the case was properly removed from that court to this one. By his Motion to Remand (Doc. # 13), Baker contends that because 28 U.S.C. § 1445(c) specifies that a civil action arising under the workmen's compensation laws of a state may not be removed to federal court, this case must be remanded because it raises such claims. For the reasons set forth below, the Court finds that the motion is due to be GRANTED in part and DENIED in part.

## FACTUAL AND PROCEDURAL HISTORY

Baker alleges that Defendant Quantegy Unlimited Investment Terminus, LLC, a business also known as Decorus Homes ("Quantegy") employed him as a foreman/laborer in Lee County. He further alleges that Defendant Jim Fulp ("Fulp") owns Quantegy.[1] Baker alleges that during the entire time he worked for Quantegy he was require to perform his duties without being paid overtime compensation as the FLSA requires. Baker also alleges that on May 19, 2010, while working for Quantegy, he received injuries arising out of and in the course of his employment when he fell from a ladder. Baker alleges that as a result of the fall he suffers from a permanent total disability, but that Quantegy has failed to pay disability benefits to Baker. Baker also alleges that Quantegy has failed to pay his reasonable and necessary medical expenses.

On December 23, 2010, Baker filed suit against Quantegy and Fulp in the Circuit Court for Lee County, Alabama. The Complaint sets forth two claims: one is a claim for overtime compensation under the FLSA and the other is a claim for benefits under the Alabama Worker's Compensation Act.

On January 28, 2011, Quantegy and Fulp filed a Joint Notice of Removal (Doc. # 1). In so doing, they invoked this Court's subject matter jurisdiction pursuant to 28 U.S.C. §

---

[1] Many allegations of the Complaint refer to "Defendant." It is not clear if the allegations refer to Quantegy or Fulp. In fact, the Complaint does not make clear at all the basis for the claims against Fulp. For purposes of this motion, the Court assumes that the references to Defendant in the Complaint refer to Quantegy, rather than to Fulp because that is the reading of the Complaint which makes the most sense to the Court.

1331 and asserted that the removal was proper pursuant to 28 U.S.C. §§ 1441(b) and (c). On February 25, 2011, Baker filed the instant motion asking the Court to remand the entire case to the Circuit Court for Lee County, Alabama because one of his claims cannot be removed to federal court as it arises under the Alabama Worker's Compensation Act. Defendants oppose remand arguing this Court may retain jurisdiction over both claims. In the alternative, they ask that the Court sever the claims and remand only the claim arising under the Alabama Worker's Compensation Act.

## DISCUSSION

After a defendant removes a case to federal court invoking its subject matter jurisdiction over the action, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377. Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Pursuant to 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over "all

civil actions arising under the Constitution, laws, or treaties of the United States." To determine whether a claim arises under federal law, a court must examine the "well- pleaded" allegations of the complaint to determine whether those allegations present a federal question. *Id.* Thus, a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon federal law or the Constitution. *Id.* Because Baker's Complaint asserts claims pursuant to the FLSA, this Court has original subject matter jurisdiction over it pursuant to 28 U.S.C. § 1331. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003) (explaining that district courts have original jurisdiction over FLSA claims pursuant to §§ 1331 and 1337(a)).

A civil action filed in state court may be removed to federal court under § 1441(b) if the claim is one "arising under" federal law.[2] *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The United States Supreme Court has specifically recognized that FLSA claims may be removed to federal court. *See Breuer*, 538 U.S. at 695-700 (finding no federal prohibition on the removal of such claims despite the fact that the FLSA claims can also be litigated in state court and holding that FLSA case was properly removed under § 1441).

---

[2] Specifically § 1441(b) provides in pertinent part as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

4

Thus, the removal of this case because it plainly states a claim for relief pursuant to the FLSA was proper.

Were the FLSA claim the sole claim for relief, the Court's inquiry would be at an end. Baker has, however, also stated a claim for benefits under the Alabama Worker's Compensation Act. Such a claim is not properly removable. *See* 28 U.S.C. § 1445(c).[3] Plainly then, this case presents a situation in which a removable claim has been joined with a non-removable claim.

Congress addressed the joinder of removable and non-removable claims.

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). In order to determine whether this provision applies to the instant case, the Court must consider whether Baker's FLSA claim is "a separate and independent claim or cause of action." Baker's FLSA claim is one for allegedly improper payment of wages for overtime work. Baker's worker's compensation claim is one for medical expenses and disability benefits arising from a fall from a ladder during the course of Baker's employment. The Court finds that these claims are separate and independent within the meaning of §

---

[3] § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

1445(c). They arise from separate actionable wrongs and implicate different operative facts. Thus, the Court finds that the case was properly removed pursuant to 28 U.S.C. § 1441(c). Such a holding is buoyed by similar holdings in analogous unpublished decisions from district courts within this Circuit. *See, e.g., Jackson v. Burke*, 8:10-cv-766-T-27EAJ, 2010 WL 2179115 (M.D. Fla. June 1, 2010); *Wilson v. Dominion Management, LLC*, No. 10-00078-CG-N, 2010 WL 1542501 (S.D. Ala. Mar. 29, 2010).

Because the FLSA claim is separate and independent from the worker's compensation claim, this Court has discretion under § 1441(c) to remand the worker's compensation claim. While the FLSA claim has nothing to do at all with Alabama law, the worker's compensation claim is one in which Alabama law predominates. The worker's compensation claim is one intended to be determined by an Alabama state court. Accordingly, the Court will sever the two claims and remand the worker's compensation claim.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Baker's Motion to Remand (Doc. # 13) is GRANTED in part and DENIED in part.

2. Baker's claims against Quantegy and Fulp pursuant to the FLSA are SEVERED from his claims pursuant to the Alabama Worker's Compensation Act.

3. Plaintiff's claims pursuant to the Alabama Worker's Compensation Act, as set forth in Count Two of the Complaint, are REMANDED to the Circuit Court of Lee County,

Alabama.

4.      The Clerk is DIRECTED to take appropriate steps to effect the remand of the claims in Count Two, but the leave the case in this Court open with respect to the claims in Count One pursuant to the FLSA.

DONE this the 14th day of April, 2011.

                                            /s/ Mark E. Fuller
                                   CHIEF UNITED STATES DISTRICT JUDGE